*902 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, N. Dawn Harper, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES

The Vo Matter

In January 2012, Kristine Vo hired respondent to represent her in a divorce, custody, and community property partition matter. Ms. Vo paid respondent the $1,300 fixed fee for the representation, and respondent assisted Ms. Vo in obtaining a consent judgment regarding custody. Thereafter, respondent stopped answering Ms. Vo’s telephone calls. Respondent also closed her law office and appears to have abandoned her law practice. Ms. Vo still has not been granted a divorce or community property partition.
In August 2014, Ms. Vo filed a complaint against respondent with the ODC. Respondent failed to respond to notice of the complaint.
The ODC alleges that respondent’s conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act [2with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), and 8.1(c) (failure to cooperate with the ODC in its investigation).

The Unauthorized Practice of Law Matter

On June 12, 2014, while she was ineligible to practice law for failing to comply with mandatory continuing legal education requirements, respondent appeared in court for a hearing on behalf of a client in a juvenile matter. When questioned by the judge, respondent falsely replied that her ineligibility did not begin until July 1, 2014.
In August 2014, the judge filed a complaint against respondent with the ODC. Respondent failed to respond to notice of the complaint.
The ODC alleges that respondent’s conduct as set forth above violated the follow *903 ing provisions of the Rules of Professional Conduct: Rules 5.5 (engaging in the unauthorized practice of law) and 8.1(c).

The Green Matter

Carol Green hired respondent on a contingency fee basis[2] to handle a claim against a finance company for misapplication of a loan payment. Although respondent filed a petition for damages on Ms. Green’s behalf in October 2013, she thereafter failed to return Ms. Green’s telephone calls, abandoned her law practice, and failed to make arrangements to return Ms. Green’s file.
In August 2014, Ms. Green filed a complaint against respondent with the ODC. Respondent failed to respond to notice of the complaint.
|aThe ODC alleges that respondent’s conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.4,1.16 (obligations upon termination of the representation), and 8.1(e).

The Edwards Matter

In April 2014, William Edwards hired respondent to represent him in a divorce and custody matter. Mr. Edwards paid respondent $700 towards the $2,500 fixed fee. Thereafter, respondent drafted a petition for Mr. Edwards’ signature but never filed any pleadings or performed any other services on Mr. Edwards’ behalf.
In August 2014, Mr. Edwards filed a complaint against respondent with the ODC. Respondent failed to respond to notice of the complaint.
The ODC alleges that respondent’s conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.4, 1.5 (failure to refund an unearned fee), 1.16, and 8.1(c).

The Lalehparvaran Matter

Parvin Lalehparvaran hired respondent to represent him in two legal matters: an appeal of a denial of insurance benefits for his disabled brother and a custody matter. Mr. Lalehparvaran paid respondent a $3,000 fixed fee. Thereafter, in January 2014, the court of appeal rendered an adverse ruling in the insurance benefits matter. Respondent never advised Mr. Laleh-parvaran of the ruling, and consequently, he is unable to appeal the ruling.
In September 2014, Mr. Lalehparvaran filed a complaint against respondent with the ODC. Respondent failed to respond to notice of the complaint.
|4The ODC alleges that respondent’s conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(5), 1.15 (safekeeping property of clients or third persons), 1.16, and 8.1(c).
DISCIPLINARY PROCEEDINGS
In July 2015, the ODC filed formal charges against respondent. She failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee *904 determined the factual allegations of the formal charges were deemed admitted and, thus, proven by clear and convincing evidence. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined respondent knowingly and, at times, intentionally violated duties owed to her clients, the public, and the legal profession, causing damage to her clients, Citing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is suspension.
In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the |disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution. In mitigation, the committee found the absence of a prior disciplinary record, personal or emotional problems, and inexperience in the practice of law (admitted 2011).
After further considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee also recommended respondent be ordered to provide an accounting and refund any unearned fees to her clients.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

The disciplinary board, noting that the factual allegations in the formal charges were deemed admitted and proven, determined the hearing committee correctly applied the Rules of Professional Conduct. Accordingly, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board then determined respondent knowingly, if not intentionally, violated duties owed to her clients and the legal profession. Her actions harmed her clients by delaying the resolution of their cases and potentially jeopardizing their legal matters and by depriving them of their funds. Her conduct in appearing in court while ineligible to practice law and failing to cooperate with the ODC placed unnecessary burdens on the legal system and the disciplinary system. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board agreed with the committee that the baseline sanction is suspension.
[fiThe board adopted the aggravating and mitigating factors found by the committee with one exception. The board rejected personal or emotional problems as a mitigating factor because neither the allegations in the formal charges nor the evidence in the record supports this finding.
Turning to the issue of an appropriate sanction, the board considered respondent’s misconduct, including her practice of law while ineligible, the number of clients affected, the harm caused, and respondent’s failure to cooperate with the ODC in light of this court’s prior jurisprudence addressing similar misconduct. The board then recommended respondent be suspended from the practice of law for three years. The board also recommended respondent be ordered to provide an accounting and refund any unearned fees to her clients.
Neither respondent nor the ODC filed an objection to the board’s recommendation.
*905 DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the Adeemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Doman, 01-3058 (La. 1/10/03), 838 So,2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent neglected multiple legal matters, failed to communicate with multiple clients, failed to refund unearned fees to multiple clients, practiced law while ineligible, and failed to cooperate with the ODC in five separate investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
Respondent knowingly and, at times, intentionally violated duties owed to her clients and the legal profession, causing actual harm. We agree with the hearing committee and the disciplinary board that the baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
Turning to the issue of an appropriate sanction, we find guidance from the case of In re: Pittman, 11-2203 (La. 12/16/11), 76 So.3d 425. In Pittman, an attorney neglected his clients’ legal matters, failed to communicate with his clients, failed to refund unearned fees and properly terminate representations, and failed to |scooperate with the ODC in its investigations. For this misconduct, we suspended the attorney from the practice of law for three years and ordered him to make restitution to his clients. In addition to practicing law while ineligible, respondent has engaged in misconduct similar to Mr. Pittman’s. There are also several aggravating factors present, including respondent’s indifference to making restitution. As such, a downward deviation from the board’s recommended sanction is unwarranted.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for three years. We will further order respondent to provide an accounting and refund any un *906 earned fees to the clients who are the subject of the formal charges.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that N. Dawn Harper, Louisiana Bar Roll number 33879, be and she hereby is suspended from the practice of law for three years. It is further ordered that respondent shall provide an accounting and refund any unearned fees to the clients who are the subject of the formal charges. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
CRICHTON, J., concurs in part and dissents in part and assigns reasons.

. Respondent has been ineligible to practice law since May 31, 2014 for failing to comply with mandatory continuing legal education requirements. She is also ineligible to practice law for failing to pay bar dues and the disciplinary assessment and failing to file her trust account disclosure statement.

. In her disciplinary complaint against respondent, Ms. Green alleged that she gave respondent a $300 money order for filing fees.